UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JENNIFER FIELDS, an individual; a citizen of the United States of America and resident of the State of Georgia.<br>       Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a Delaware Corporation<br>       Defendant. | CASE NO. |

## COMPLAINT

COMES NOW, Plaintiff, JENNIFER FIELDS, by and through undersigned counsel, and hereby files this Complaint against the Defendant, for damages. In support thereof, Plaintiff alleges, and states as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff who was injured onboard an airline operated by Defendant DELTA AIR LINES, INC ("Delta") on April 5, 2024.

## PARTIES

2. Plaintiff is a citizen of the United States of America, and a permanent resident of Fulton County, State of Georgia.

1

3. Defendant Delta is a Delaware Corporation and an international commercial air carrier conducting business in Fulton County, Georgia. Delta provides air transportation for profit. Delta operates flights daily in North America and elsewhere around the globe.

4. Defendant Delta's principal place of business is in Atlanta, Georgia and maintains an agent for service of process in Peachtree Corners, Georgia.

## **JURISDICTION and VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees, and is between parties of different states.

6. This case is instituted in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §1391 as the judicial district in which the contract was entered into with Delta and where the returning flight landed.

7. This Court is also vested with subject matter jurisdiction under 28 U.S.C. §1331, as the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention of the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 ("Montreal

Convention"), and the rights of the parties are governed by the provisions of the Montreal Convention, a treaty to which the United States is a party. Specifically, this Court has jurisdiction under Article 33 (1) and (2) of the Montreal Convention.

8. Venue is proper in this district, as this district serves as the commencement, departure, and returning point for Plaintiff's international flight.

9. Venue is proper in this district, as the Plaintiff maintains her principal and permanent residence within this district, Delta operates services for the carriage of passengers by air and conducts business in this district from premises leased or owned by or by another carrier with which it has a commercial agreement.

## GNENERAL ALLEGATIONS

10. On September 21, 2023, Plaintiff purchased roundtrip international airfare from Defendant Delta.

11. The Delta confirmation number given to the Plaintiff was ultimately GFNZY5.

12. The roundtrip airfare purchased by the Plaintiff was for international air travel from Atlanta, Georgia to Paris, France, departing April 1, 2025, and returning April 5, 2024.

13. On April 1, 2024, the Plaintiff boarded flight number 88 operated by Defendant Delta from Atlanta, Georgia to Paris, France.

14. On April 5, 2024, the Plaintiff boarded flight number 85 operated by Defendant Delta from Paris, France to Atlanta, Georgia.

15. When her flight landed in Atlanta, Georgia, during the deplane process, an item fell from the overhead compartment and struck Plaintiff on the head, as a result of the Delta flight crew not ensuring that items were stored properly in the overhead compartment.

16. Plaintiff was attended-to by Delta flight crew, and an incident report was made.

17. The Plaintiff followed up with medical attention in Georgia.

18. Plaintiff had multiple diagnoses associated with the brain.

19. The Plaintiff treated-for these injuries and will likely require treatment beyond the conclusion of this matter which would likely consist of, but not limited to, various therapies for the brain.

20. The patient has suffered pain and is likely to suffer additional pain and suffering in the future.

21. Delta is vicariously liable for the negligent actions of its employees.

22. Delta, as a common carrier, has a heightened duty to use reasonable care when handling luggage in the over carriage to ensure that the

luggage does not strike anyone, but most importantly, striking a passenger in the head.

23. Delta owed this duty to Plaintiff when their flight attendants failed to properly place the overhead luggage in safe manner that would have prevented the luggage from falling, once opened.

24. As a direct and proximate result of Delta's negligent handling of the luggage in the over carriage, the Plaintiff sustained serious injuries and damages, including but not limited to, a head injury, including, but not limited to past and future pain, suffering, emotional distress, loss of ability to enjoy life, disability, and medical expenses.

25. Plaintiff provided Delta with written notice of this claim on April 26, 2024, and it was received by Delta on the same day.

26. Delta acknowledged receipt of said claim.

## COUNT I- MONTREAL CONVENTION ARTICLE 17

27. Plaintiff re-alleges and readopt paragraphs one 1 through eighteen 26 as if fully set forth herein and further allege:

28. At all times material hereto, Defendant Delta was a "contracting carrier" as contemplated by Article 39 in the Montreal Convention and is liable for the injuries claimed by the Plaintiff.

29. At all times material hereto, the subject aircraft where Plaintiff's injury occurred was operated by Delta, by and through its authorized crewmembers, employees, servants, officers and/or agents acting in the scope of their agency or employment.

30. Under Article 17 of the Montreal Convention, Delta owed a duty of care to Plaintiff and is liable for bodily injury and damages suffered by a passenger on board the aircraft.

31. While on board Delta flight 85, Plaintiff was struck in the head by an improperly stored luggage, resulting from negligent handling of luggage from the over carriage.

32. At all times material hereto, Delta had, among other duties, a duty to handle luggage in the over carriage safely, to prevent others from being struck by the luggage.

33. Delta breached this duty by, among other negligent actions, failing to safely store luggage when placing it in the over carriage and upon belief, by failing to properly train flight attendants to safely store luggage in over carriages.

34. As a direct and proximate result of the acts and/or omissions of Delta, Plaintiff suffered an "accident" within the meaning of Article 17 of the Montreal Convention.

35. The accident was caused by the negligence of Delta's agents and/or employees.

36. Under Article 17 of the Montreal Convention, Delta is strictly liable for the accident without regard to fault, and is obligated to pay full, fair and reasonable damages to Plaintiff.

37. As a direct and proximate result of Delta's negligent handling of the luggage in the over carriage, the Plaintiff sustained serious injuries and damages, including but not limited to, a head injury as well as, but not limited to, past and future pain, suffering, emotional distress, loss of ability to enjoy life, disability, and medical expenses.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendants and grant:

A. Damages;

B. Court Costs;

C. Pre- and Post-judgment interest at the lawful rate; and,

D. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable by jury.

Respectfully Submitted on December 18, 2025,

    NWAHIRI LAW, PLLC

    s/ TOBECHUKU TONY NWAHIRI

    _____
    TOBECHUKU TONY NWAHIRI
    Georgia Bar No. 268551
    Attorney for Plaintiff
    Tobe@NwahiriLaw.com
    13499 Biscayne Blvd., Suite 107, Miami, FL 33181
    P: 305-345-4117 F: 305-503-4614